IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| LUCY A. KRAUSE, | ) |
| | ) Case No.: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONSTAR MORTGAGE LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**NATIONSTAR MORTGAGE LLC'S NOTICE OF REMOVAL**

Defendant Nationstar Mortgage LLC ("Nationstar"), by and through counsel, pursuant to 28 U.S.C. §§ 1332 and 1441, hereby removes to the United States District Court for the District of Kansas, the case styled *Krause v. Nationstar Mortgage LLC*, Case No. 2015-CV-000238 from the District Court of Wyandotte County, Kansas, in which it is now pending. In support thereof, Nationstar states as follows:

BACKGROUND

1. On or about March 4, 2015, Plaintiff Lucy A. Krause ("Plaintiff") filed a petition (the "Petition") in District Court of Wyandotte County, Kansas (*Krause v. Nationstar Mortgage LLC*, Case No. 2015-CV-000238), seeking damages for violations of the Kansas Consumer Protection Act.

2. On or about March 9, 2015, Nationstar was served with a copy of the Petition. True and correct copies of all process, pleadings, and orders which have been served upon Nationstar are attached hereto as collective **Exhibit A** and incorporated herein by this reference.

BASIS FOR REMOVAL

3.      This Notice of Removal is filed within thirty (30) days of the date upon which the case became removable and therefore is timely pursuant to 28 U.S.C. § 1446(b).

4.      A copy of the original Notice of Removal is being filed contemporaneously in the District Court of Wyandotte County, Kansas and is being served upon counsel for Plaintiff pursuant to L.R. 81.1(c)(1)-(c)(2).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the District of Kansas, Kansas City Division, is the federal judicial district and division embracing the District Court of Wyandotte County, Kansas where this action was originally filed. *See* 28 U.S.C. § 105(a)(1); L.R. 38.1.

6.      This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441 because 28 U.S.C. § 1332 confers jurisdiction upon cases which the amount in controversy exceeds the sum or value of $75,000 and are between citizens of different states. 28 U.S.C. § 1332(a)(1).

7.      In the Petition, Plaintiff identifies herself as a "resident of a Kansas," and gives no indication that she does not intend to remain there indefinitely. *See* **Exhibit A**, ¶ 1. Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of Kansas.

8.      At both the time of filing and at present, Nationstar is a Delaware limited liability company with its principal place of business in the state of Texas. Nationstar's members are Nationstar Sub1, LLC, and Nationstar Sub2, LLC. Both Sub1 and Sub2 are Delaware limited liability companies. Sub1 and Sub2 are both 100% owned by NSM Holdings, Inc., a Delaware corporation with its principal place of business in the state of Texas. NSM Holdings, Inc. therefore is a citizen of Texas and of Delaware.

9.      Accordingly, Plaintiff and Nationstar are citizens of different states.

10. The Petition does not identify the amount of damages sought.

11. Where a petition does not identify the amount that the plaintiff seeks to recover, "a defendant must affirmatively establish jurisdiction by proving jurisdictional facts that make it possible that in excess of $75,000 is in play." *Warner v. CitiMortgage, Inc.*, 533 Fed.Appx. 813, 816 (10th Cir. 2013) (citations omitted).

12. Once those facts are established, a court should remand only if it is legally certain that the plaintiff cannot recover the jurisdictional minimum. *Id.* (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)).

13. The Petition alleges that between March 11, 2013 and the filing of the Petition, Nationstar "made repeated demand upon Plaintiff for payment" and "continued to repeatedly and persistently contact Plaintiff." *See* **Exhibit A**, ¶ 11.

14. The Petition further alleges that each contact by Nationstar with Plaintiff is a separate violation of the Kansas Consumer Protection Act. *See* **Exhibit A**, ¶ 26.

15. The Petition makes claim for statutory damages in the amount of $10,000 per act, plus $10,000 enhanced penalty as the Petition alleges Plaintiff is an "elderly person" under the statute. *See* **Exhibit A**, ¶¶ 28-29.

16. Upon review of its records, Nationstar has identified over eight instances where it contacted Plaintiff in regards to certain financial obligations arising out of the two loans discussed in the Petition. *See* Affidavit of A.J. Loll, a true and correct copy of which is attached hereto as **Exhibit B** and incorporated herein by this reference

17. Assuming the allegations in the Petition are true, and each of these acts is alleged to be a violation of the Kansas Consumer Protection Act, then the Petition has alleged damages in excess of $75,000.00

18. Therefore the amount in controversy exceeds the sum or value of $75,000.

19. As Plaintiff and Nationstar are diverse parties, and the amount in controversy exceeds $75,000, removal jurisdiction herein lies pursuant to 28 U.S.C. §§ 1332 and 1441.

WHEREFORE, Defendant Nationstar Mortgage LLC hereby removes this case from the District Court of Wyandotte County, Kansas to this Court for all further proceedings, as provided by law, and request that, pursuant to 28 U.S.C. § 1446 and L.R. 81.1, the District Court of Wyandotte County, Kansas proceed no further unless and until such further Order of this Court.

Dated: March 26, 2015.                         HUSCH BLACKWELL LLP

                                                                                   */s/ Christopher C. Miles*
Christopher C. Miles, KS Bar #25562
Benjamin F. Mann
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone:    816.983.8000
Facsimile:     816.983.8080
benjamin.mann@huschblackwell.com
christopher.miles@huschblackwell.com

*Counsel for Defendant Nationstar Mortgage LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March 2015, a true and correct copy of the above and foregoing was served by U.S. Mail, postage prepaid, upon the following:

AJ Stecklein
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101

                                                                           */s/ Christopher C. Miles*
                                                                           Attorney