# Exhibit A

ELECTRONICALLY FILED
2015 Mar 04 PM 12:15
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2015-CV-000238

Lucy Krause

vs.

Nationstar Mortgage, LLC

**SUMMONS**

To the above-named Defendant/Respondent:

      **Nationstar Mortgage, LLC**
      **RA: Corporation Service Company,**
      **2900 SW Wanamaker Drive,**
      **Suite 204,**
      **Topeka, KS  66614**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

      AJ Stecklein
      748 Ann Ave
      Kansas City, KS 66101

within 30 days after service of summons on you.



Clerk of the District Court

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2015 Mar 04 PM 12:15
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2015-CV-000238

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| Lucy A. Krause | Case No.: _____ |
| Plaintiff, | |
| vs. | Division: \_\_\_ |
| Nationstar Mortgage, LLC, | Chapter 60 |
| | Jury Trial Demanded |
| Defendant. | |

## PETITION

COMES NOW Plaintiff, through counsel, and for Plaintiff's causes of action against Defendant states:

1. Plaintiff is a resident of a Kansas.

2. Defendant Nationstar Mortgage, LLC is a Delaware entity.

3. Defendant Nationstar Mortgage, LLC was and services mortgage loans ,,, all within Wyandotte County, Kansas.

4. Plaintiff was married to Kim Krause.

5. Kim Krause died in March 11, 2013.

6. Prior to his death, Kim Krause purchased two investment homes in Kansas City, Wyandotte County, Kansas at 1501 N. 23rd, Kansas City, Kansas and 1930 N. 25th Street, Kansas City, Kansas.

7. A promissory note and mortgage was entered into by Kim Krause for each property to secure their purchase.

8. Plaintiff was not liable under the promissory notes.

9. Plaintiff only signed the mortgage to waive any martial interest.

10. In 2013 and 2014, Defendant was a servicer of the mortgages.

11. After the death of Kim Krause, Defendant made repeated demand upon Plaintiff for payment of the notes.

12. In December 2013, Plaintiff retained counsel who notified Defendant that Plaintiff was retained, notified Defendant that Plaintiff was not liable under the notes and there was not an estate opened for Kim Krause, and demanded that Defendant cease contact with Plaintiff.

13. Despite knowledge of Kim Krause's death and acknowledgement that Plaintiff was not liable for the obligations, Defendant continued to repeatedly and persistently contact Plaintiff for payment of the obligations.

## COUNT I
## VIOLATION OF KANSAS CONSUMER PROTECTION ACT

COMES NOW Plaintiff, and as for Count I against Defendant, states and alleges:

14. Plaintiff incorporates the preceding paragraphs as though fully set forth.

15. Plaintiff is a consumer as defined by K.S.A. §50-624(b) of the Kansas Consumer Protection Act (KCPA).

16. Defendant is a supplier of consumer products as defined by K.S.A. §50-624 and is subject to the requirements and provisions of the Kansas Consumer Protection Act.

17. The transaction is a consumer transaction as defined by K.S.A. §50-624(c).

18. K.S.A §50-626 provides that "(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

19. The above-described actions of Defendant violated section K.S.A. § 50-626(b)(2) which prohibits representations made knowingly or with reason to know that (A)

2

Property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have.

20. The above-described actions of Defendant violated section K.S.A. § 50-626(b)(3) which prohibits the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact.

21. K.S.A §50-627 provides that "(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

22. In determining whether an act or practice is unconscionable, K.S.A §the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

> *(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*
>
> *(6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.*

23. Defendant's acts and omissions as described are deceptive under K.S.A. §50-626 and unconscionable under K.S.A. §50-627.

24. By the actions of, Plaintiff was aggrieved by the imposition of some burden or obligation that federal law alleviated.

25. Defendant's acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

26. Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

27. Because of Defendant's deceptive acts, Plaintiff is an aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney fees.

28. Under K.S.A. §50-636, Plaintiff is entitled to the greater of actual damages or statutory damages in a sum set by the Court of not more than $10,000 for each violation.

29. Plaintiff is an elderly person under K.S.A. §50-677 and is entitled to additional statutory damages in the amount to be determined by the Court up to $10,000.00 per violation.

WHEREFORE, Plaintiff respectfully prays for judgment on Count I against Defendant and requests the Court:

a. Award actual damages and restitution to Plaintiff;

b. If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation under K.S.A. §50-634(b) and K.S.A. §50-636 for each and every violation of the Kansas Consumer Protection Act;

c. For the enhanced penalty for violations against an elderly person under K.S.A. §50-677 in the amount to be determined by the Court up to $10,000.00 per violation;

d. Award costs and reasonable attorneys' fees, under K.S.A. §50-634; and Such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael H. Rapp # 25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
mr@kcconsumerlawyer.com
Attorneys for Plaintiff