IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LUCy A. KRAUSE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**NATIONSTAR MORTGAGE, LLC,** )<br>)<br>**Defendant.** )<br>) | Case No. 15-2682-CM |

## MEMORANDUM AND ORDER

Plaintiff Lucy Krause originally filed this case in the District Court of Wyandotte County, Kansas. Plaintiff claims that defendant Nationstar Mortgage, LLC, violated the Kansas Consumer Protection Act ("KCPA") on several occasions. Specifically, plaintiff alleges that defendant's telephone calls to collect outstanding mortgage payments constitute deceptive and unconscionable actions. Defendant removed the case to federal court. The case is now before the court on Defendant's Motion to Dismiss Plaintiff's KCPA claim (Doc. 4). Defendant argues that plaintiff does not qualify for protection under the KCPA.

### I.     Factual Background

Plaintiff, a resident of Kansas, is the widow of Kim Krause. Prior to Mr. Krause's death, he signed two promissory notes and mortgages to purchase two investment homes in Kansas City, Kansas. Plaintiff did not sign the promissory notes and only signed the mortgages to waive any marital interest. Defendant, Nationstar Mortgage, LLC, is a Delaware entity that services loans within Wyandotte County, Kansas. In 2013 and 2014, defendant was a servicer of Mr. Krause's mortgages. After the death of Mr. Krause, defendant attempted to collect payment of the notes by telephoning plaintiff. In December of 2013, plaintiff retained counsel. Plaintiff notified defendant that she was not

-1-

liable for the notes, advised defendant that there was no estate opened for Mr. Krause, and demanded that defendant cease contact with her. Defendant continued to contact plaintiff to request payment of the notes. It is undisputed that plaintiff has no liability for the promissory notes or the mortgages.

Consequently, plaintiff alleges several violations of the KCPA. The allegations in the petition include:

- o A violation of Kan. Stat. Ann. § 50-626(b)(1)(A), which prohibits "[r]epresentations made knowingly or with reason to know . . . that property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits, or quantities they do not have."

- o A violation of Kan. Stat. Ann. § 50-626(b)(3), which prohibits "the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact."

- o A violation of Kan. Stat. Ann. § 50-627, which prohibits a supplier from engaging in "any unconscionable act or practice in connection with a consumer transaction."

Plaintiff seeks judgment against defendant and requests the court award actual or statutory damages, penalties, attorney's fees, and costs.

**II.     Legal Standard**

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The

allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id*.

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). In reviewing the sufficiency of a complaint, the court determines whether the plaintiff is entitled to offer evidence to support her claims—not whether the plaintiff will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

### III.     Discussion

Defendant argues that plaintiff does not qualify for protection under the KCPA because she is not a consumer. In order for plaintiff to qualify for protection from deceptive or unconscionable practices under the KCPA, she must constitute a consumer who engaged in a consumer transaction with a supplier. *See Lowe v. Surpas Res. Corp.*, 253 F. Supp. 2d 1209, 1236 (D. Kan. 2003) (citing *Limestone Farms v. Deere & Co.*, 29 P.3d 457, 461 (Kan. Ct. App. 2001)). Furthermore, the supplier's deceptive or unconscionable acts must consequently aggrieve the consumer. *Id.* at 1227. Because plaintiff does not plausibly constitute a consumer, she does not qualify for protection under the KCPA.

Plaintiff is not a consumer under the KCPA because she did not seek or acquire the property or services in her husband's transaction. The KCPA explicitly states that it is intended to be construed liberally "to protect consumers from suppliers who commit deceptive and unconscionable acts." Kan. Stat. Ann. § 50-623(b). The KCPA defines a consumer as "an individual, husband and wife, sole proprietor, or family partnership who seeks or acquires property or services for personal, family, household, business or agricultural purposes." *Id*. § 50-624(b).

-3-

The KCPA's terminology provides a straightforward indication of the legislature's intent to limit consumer protection to a husband and a wife acting in unison. In defining the consumer, the KCPA uses the conjunctive "husband and wife" rather than the disjunctive "husband or wife," indicating that <u>both</u> the husband and wife must seek or acquire the necessary "property or services." Plaintiff did not participate in the purchase of either property, did not sign the promissory notes, and is not liable for the debt. Plaintiff relies heavily on the statute's purpose to be construed liberally to protect the consumer; however, the plain language indicates that the liberal construction of the statute applies only after the consumer has been identified. Because plaintiff's husband acted alone when acquiring and financing the property, he alone qualifies as the consumer.

Case law substantiates the interpretation that a marital relationship alone is insufficient to qualify for consumer protection. Kansas courts have limited the application of the KCPA to individuals directly in contact with the supplier. *Ellibee v. Aramark Corr. Servs., Inc.*, 154 P.3d 39, 41 (Kan. Ct. App. 2007); *see also Cit Grp./Sales Fin. Inc. v. E-Z Pay Used Cars Inc.*, 32 P.3d 1197, 1204 (Kan. Ct. App. 2001) (holding that the KCPA's protection is limited to individuals who directly contract with suppliers). In *Hayes v. Find Track Locate, Inc.*, a man purchased a truck and defaulted on his payments. No. 13-2413-RDR, 2014 U.S. Dist. LEXIS 145861, at *10–11 (D. Kan. Oct. 9, 2014). A lender repeatedly called the man's wife and son in order to collect the debt incurred from the purchase. *Id.* at *12. Neither the wife nor the son signed any paperwork in connection with the purchase. *Id.* at *11. Their names were not on the title to the truck, and they were not legally responsible for the debt. *Id.* The mother and son filed suit as consumers under the KCPA, seeking damages for the telephone calls. *Id.* at *2. Although initially filed in state court, the case was removed to the United States District Court for the District of Kansas. *Id.* Ultimately, the court held that the

-4-

mother and son were not consumers under the KCPA, because they were not parties to the contract. *Id.* at *14. Consequently, the court granted the defendant's motion for summary judgment. *Id.* at *21.

By refusing to extend protection to the consumer's spouse, the court demonstrated that a spouse is not entitled to consumer protection solely through a marital relationship. Similar to *Hayes*, plaintiff had no direct contact with the supplier and was not a contracting party. The waiver of marital interest—an act meant to disassociate plaintiff from the purchases—was her sole affirmative act related to either transaction. Employing the court's ruling in *Hayes*, it would be improper to extend consumer protection to plaintiff based solely on her marital relationship.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's KCPA Complaint (Doc. 4) is granted.

The case is closed.

Dated this 30th day of June, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**